UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HENRY SANDOVAL TERCERO,

Petitioner,

v.

WARDEN OF CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-08869-JLT-EGC

A-Number: 246-299-557

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 4)

Before the Court is Henry Sandoval Tercero's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) For the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

## I. BACKGROUND

Petitioner is from Nicaragua. He entered the United States without inspection in November 2022, where he was encountered by U.S. Border Patrol near Otay Mesa, California. (Doc. 9 at 10.) Petitioner was served with a Notice to Appear charging him pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act and placed in removal proceedings and released into the United States on his own recognizance. (*Id.*) On July 10, 2026, Petitioner was convicted of Assault with Deadly Weapon Not Firearm (Cal. Pen. Code § 245(a)(1) in San

Mateo County Superior Court Case Number 24-SF-000507-A and was sentenced to 120 days jail, 2 years' probation. (*Id.*) On October 5, 2026, Petitioner reported to the ICE office and was arrested after violating his release conditions due to his criminal conduct. (*Id.*) Petitioner was transferred to the Central Valley Annex Detention Facility in McFarland, California, where he remains. (Doc 1 at 1.)

On October 28, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing, *inter alia*, his arrest by immigration authorities without a constitutionally adequate pre-deprivation process violates his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 25-29.) On November 5, 2026, Respondents filed a response to the habeas petition, asserting Petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and the only relief he should be granted is a custody redetermination hearing pursuant to 8 U.S.C. §1226(a). (*See* Doc. 9.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

As Respondents note, (Doc. 9 at 3), Petitioner's detention is controlled by 8 U.S.C. § 1226(a), as someone who was formally encountered and apprehended by immigration officials, and subsequently released on bond into the interior of the country by an IJ after conducting a danger and flight risk determination. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). Respondent's prior release of Petitioner creates a liberty interest under the

Due Process Clause, although his recent criminal history justified providing Petitioner with a prompt post-deprivation hearing. *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025). Contrary to Respondents' assertion that it is Petitioner's burden to establish that he does not constitute a flight risk or a danger at the bond hearing, as this court explained in *J.S.H.M.*, "[s]ince it is the government that initiated re-detention, it follows that the government should be required to bear the burden of proving a justification for the re-detention." *J.S.H.M*, 2025 WL 2938808, at *18. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. The motion for temporary restraining order, (Doc. 4), is **DENIED** as **MOOT**.

3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

4. **<u>At least 72 hours before</u>** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the

immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **<u>At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.</u>**

6. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: November 13, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE